DISTRICT COURT OF OKMULGEE COUNTY
STATE OF OKLAHOMA

MARTHA DUNLAP AND )
WILLIAM DUNLAP, )
         Plaintiffs. )
)   Case No. CJ-2019-72
v. )
)
UNITED STATES of AMERICA )
ex rel. DEPARTMENT OF )
VETERANS AFFAIRS and )
JOHN DOE CORPORATION, )
         Defendants. )

FILED IN DISTRICT COURT
MAY 15 2019
OKMULGEE COUNTY, OKLAHOMA
CHARLY CRINER, Court Clerk
By_____ Deputy

## PETITION

Plaintiffs, Martha Dunlap and William Dunlap, for their causes of action against Defendants, United States of America ex rel. Department of Veterans Affairs ("VA") and John Doe Corporation ("John Doe") state:

### I. FACTUAL BACKGROUND

1. On May 14, 2017, Plaintiff Martha Dunlap was walking into the entrance of the VA Hospital in Muskogee, Oklahoma when the automatic electric doors of the hospital suddenly closed, striking her body and causing her to fall and break both of her hips.

2. As a result of her injuries, Mrs. Dunlap required surgery, rehabilitation and additional medical treatment.

3. Defendant VA owns and/or operates the VA hospital in Muskogee, Oklahoma.

4. Defendant John Doe is an unknown business that was the designer, manufacturer, producer, distributor, vendor and/or seller of the automatic electric doors installed at the Defendant VA's hospital in Muskogee, Oklahoma.

5. On September 11, 2018, Plaintiffs filed Administrative Tort Claims against the VA pursuant to the Federal Tort Claims Act, 28 United States Code §§ 1346(6) and 2671-2680.

6. Plaintiffs' Administrative Tort Claims were denied by the VA on March 20, 2019.

7. Plaintiffs are husband and wife and are residents of Okmulgee County, Oklahoma.

## II. NEGLIGENCE OF VA

8. Plaintiffs incorporate paragraphs 1-7 above as if fully set forth herein.

9. Defendant VA, through their employees acting within the scope of their employment, was negligent by act or omission in the selection, installation and maintenance of the automatic electric doors at their hospital in Muskogee, Oklahoma.

10. As a proximate result of the Defendant VA's negligence, Plaintiff Martha Dunlap suffered injuries that required medical treatment, pain and suffering, mental anguish and permanent disability.

11. As a proximate cause of the Defendant VA's negligence, Plaintiff William Dunlap suffered loss of consortium due to the injuries and disability of his spouse, as well as mental anguish.

## III. PREMISES LIABILITY OF VA

12. Plaintiffs incorporate by reference paragraphs 1-11 above as if fully set forth herein.

13. Plaintiff Martha Dunlap was accompanying her husband William Dunlap who was seeking treatment at the VA hospital. As a result, Plaintiffs were invitees to whom Defendant VA owed a duty of reasonable care to keep the premises in a reasonably safe condition for reception of the Plaintiffs.

14. Defendant VA, through its employees acting within the scope of their employment, breached its duty to Plaintiffs by providing an entrance to its

hospital with defective or malfunctioning doors thereby causing Plaintiff's injuries and damages.

### IV. NEGLIGENCE OF JOHN DOE

15. Plaintiffs incorporate paragraphs 1-14 above as if set out fully herein.

16. Defendant John Doe was negligent in developing, designing, manufacturing, testing, selling and/or marketing of the automatic electronic doors installed at the VA hospital in Muskogee, Oklahoma.

17. Plaintiffs were foreseeable and intended users of Defendant's doors installed at the VA hospital.

18. Defendant John Doe owed a duty to Plaintiffs to use reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects in material or workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers or their invitees. Defendant John Doe failed to exercise said reasonable care.

19. Defendant John Doe owed a duty to Plaintiffs to adequately warn of the dangers inherent in the use of the product it developed, designed, manufactured, tested, sold, and/or marketed. Defendant John Doe failed to adequately warn consumers of the dangers inherent in its product that is the subject of this suit.

20. Plaintiffs' injuries and damages are the direct and proximate result of the Defendant John Doe's negligence as well as that of its agents and employees acting within the scope of their employment, authority or apparent authority.

### V. RES IPSA LOQUITUR

21. Automatic electric doors malfunctioning from time to time is an occurrence that ordinarily bespeaks negligence. At all relevant times, the automatic electric doors at the hospital were within the exclusive control of the Defendant VA.

22. Plaintiffs' injuries and damages were not caused by any voluntary act or neglect of the Plaintiffs.

23. As a result, Defendant VA is liable for Plaintiffs' injuries and damages under the doctrine of *res ipsa loquitur*.

## VI. DAMAGES

24. As a direct and proximate result of the acts and/or omission of the Defendants, Plaintiff Martha Dunlap suffered the following injuries and damages:
    A. Medical expenses in the past and future;
    B. Physical pain and mental anguish in the past and future;
    C. Physical impairment and disability in the past and future.

25. As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiff William Dunlap suffered the following injuries and damages:
    A. Loss of consortium in the past and future;
    B. Loss of services in the past and future;
    C. Mental anguish in the past and future.

## VII. DEMAND FOR RELIEF

26. For the above reasons, Plaintiffs Martha Dunlap and William Dunlap demand judgment against the Defendants, and each of them, in an amount in excess of $10,000.00, for interest as allowed by law, for their costs, and for such other and further relief as may be just and proper.

LUKE GAITHER, OBA NO. 17490
Gaither Law Office
P.O. Box 1090
Henryetta, OK 74437
(918)652-4402

4

EXHIBIT 1

## Verification

State of Oklahoma, County of Okmulgee, ss:

I, Luke Gaither of lawful age and being first duly sworn upon oath, state: I am the attorney for Martha and William Dunlap. I have reviewed the contents of this Petition and the evidence in this case and state that upon my information and belief, the matters set forth in this pleading are supported by the evidence which will be presented at hearing. This verified statement of counsel is being made pursuant to District Court Rule No. 4 pending hearing or stipulation.

Luke Gaither
Attorney for Martha and William Dunlap

Subscribed and sworn to before me on May 15, 2019, by Luke Gaither, Attorney for Martha and William Dunlap above named.

My Commission Expires: 5/03/19

Notary Public

Commission # 03007363

EXHIBIT 1